AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico  ▼

| | |
|---|---|
| United States of America<br>v.<br><br>Ivory Hernandez<br><br>Defendant(s) | )<br>)<br>) Case No. 25-1414 MJ<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 7, 2025__ in the county of __Dona Ana__ in the District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1), (b)(1)(B) | Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine. |

This criminal complaint is based on these facts:

See Affidavit, attached hereto and hereby incorporated by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

Chafin Cox, FBI Special Agent
*Printed name and title*

Signed and sworn to telephoncially.

Date: 5/9/25

_____
Judge's signature

City and state: Las Cruces, New Mexico

Gregory B. Wormuth, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Chafin Cox, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of a criminal complaint that Ivory Hernandez possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

2. I am a Federal Bureau of Investigation (FBI) Special Agent currently assigned to the Albuquerque Division, Las Cruces Resident Agency and work closely with Las Cruces/Dona Ana Metro Narcotics (Metro Narcotics). I have been employed as a Special Agent of the FBI since July 2018. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Titles 18 and 21 of the United States Code.

3. The information contained herein is based upon my own investigation as well as information supplied to me by other duly sworn law enforcement officers, and does not contain all information known by me, only facts for consideration of probable cause.

4. Before May 7, 2025, FBI Safe Streets Gang Task Force (SSGTF) and Metro Narcotics, had been investigating subject Ivory Hernandez ("Hernandez") for drug trafficking, stolen vehicle trafficking, and firearms trafficking. As part of the investigation, Agents/Officers knew that Hernandez had been driving an orange Mitsubishi SUV bearing a New Mexico (NM) license plate ("Target Vehicle").

5. On May 7, 2025, I received information, from a Confidential Human Source (CHS), that Hernandez had travelled to Anthony, NM, to pick up methamphetamine that she intended to

1

traffic in Las Cruces, NM. I have been able to corroborate information, provided by the CHS in the past, through separate sources and the CHS has proven reliable. The CHS is motivated to work in consideration for monetary compensation.

6. Based on the information provided by the CHS, investigators checked a license plate camera system between Las Cruces and Anthony, and it revealed that the Target Vehicle had passed east bound Interstate 10 ("I-10") at approximately 12:54 PM. Based on this information investigators established surveillance along I-10 between Las Cruces, NM and Anthony, NM.

7. At approximately 3:33 PM, investigators positively identified the Target Vehicle, in between Las Cruces and Anthony, heading west bound on Interstate 10. The driver, later identified as Hernandez, appeared to be the only occupant in the vehicle. I informed a FBI Task Force Officer (TFO), who is also a trained canine narcotics interdiction officer with the Las Cruces Police Department (LCPD), to stop the Target Vehicle with a marked unit. When the TFO activated their emergency lights and attempted to pull over the Target Vehicle, Hernandez slowed down and pulled off the road as if to stop but ultimately failed to stop for the TFO. Hernandez got back on the roadway and continued to drive a short distance and then pulled off the roadway and stopped. During this time, the TFO observed Hernandez moving inside the vehicle in an erratic manner. Based on the TFOs training and experience as an interdiction officer, Hernandez's actions were consistent with an individual attempting to hide or conceal contraband and/or weapons.

8. The TFO approached the Target Vehicle and asked Hernandez to exit the vehicle based on the believe that Hernandez may have been trying to conceal a weapon due to her behavior during the stop. Hernandez was slow to comply with the TFOs commands to exit the Target Vehicle. Once Hernandez was separated from the Target Vehicle, the TFO asked her for consent to search the Target Vehicle, to which Hernandez denied consent. The TFO then informed

Hernandez that he was going to deploy his canine, who is trained to detect the presence of methamphetamine, fentanyl, and other narcotics, to conduct a sniff of the Target Vehicle. The canine conducted a free air sniff of the Target Vehicle and alerted to the presence of narcotics.

9. Based on the canine alert, FBI agents/TFOs conducted a search of the Target Vehicle. The search resulted in the seizure of approximately 45 grams of suspected methamphetamine, one suspected fentanyl pill, and one gram of suspected fentanyl powder. The suspected drugs were found in a soft case with a zipper in the center console of the Target Vehicle. Investigators also seized the soft case, which along with the suspected narcotics, contained a scale, razor blade, small pincers, and small plastic baggies. The suspected methamphetamine seized was field tested and tested presumptive positive for the presence of methamphetamine.

10. Based on my training and experience in investigating drug traffickers, I know that the amount of methamphetamine seized from the Target Vehicle is consistent drug trafficking. Additionally, I know that drug traffickers often use items like the ones found in the soft case to cut, package, and weigh the drugs they sell.

11. Based on the aforementioned, I contacted the United States Attorney's Office (USAO) in Lac Cruces, NM and communicated the facts and circumstances of the stop/search. Supervisory Assistant United States Attorney (AUSA) Maria Armijo authorized me, based on probable cause that Hernandez was currently engaged in drug trafficking, to conduct the warrantless arrest of Hernandez.

12. Based on the facts set forth in this affidavit, I have probable cause to believe that on May 7, 2025, Ivory Hernandez possessed with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

13. Assistant United States Attorney Devon Aragon Martinez has reviewed and approved this affidavit.

Respectfully submitted,

Chafin Cox
FBI Special Agent

Electronically submitted and telephonically sworn to me on this 9th day of May, 2025:

The Honorable Gregory B. Wormuth
United States Magistrate Judge

4